**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**TIMOTHY EDWARD PERRY, #T0478**                           **PLAINTIFF**

**VS.**                                  **CIVIL ACTION NO. 4:08cv25-LRA**

**JOHNNY CROCKETT, ET AL**                              **DEFENDANTS**

**OMNIBUS ORDER**

Timothy Edward Perry [hereinafter "Plaintiff"], *pro se,* and Michael Jeffrey Wolf, Royce Cole, and Vardaman K. Smith III, counsel for Defendants, appeared before the undersigned United States Magistrate Judge on the 19th day of August, 2008, for an omnibus hearing. The Court scheduled this hearing to function as a scheduling/case management conference, a discovery conference, and as a pretrial conference. The hearing was also conducted in order to more closely screen Plaintiff's factual allegations and determine if they are sufficient to maintain the case under 28 U.S.C. § 1915A. This hearing allowed the Court to reconsider Plaintiff's claims after hearing him explain his case under oath. The hearing also facilitates the Court's intentions of insuring all parties the just, speedy and inexpensive determination of Plaintiff's claims. After due consideration of the issues involved in this case and any requests for discovery, the Court does hereby find and order as follows:

**1. JURISDICTION AND SUMMARY OF CLAIMS**

Plaintiff testified under oath at the omnibus hearing, and explained his complaints against these Defendants as follows.

1

Plaintiff stated that the main issues in his case are denial of medical care and delay of medical care. On or about Friday, August 18, 2007, while incarcerated in the Kemper-Neshoba Regional Correctional Facility, Plaintiff was in the zone watching television. Another inmate, Steven Barnhart, changed the channel without asking the other inmates watching the television, and Plaintiff changed it back. Barnhart pushed Plaintiff out of his chair, and Plaintiff fell and broke his wrist. Officer King was not at her post at that time, and he had to be assisted by other inmates. Officer King is no longer working at the prison, and Plaintiff stated that he would voluntarily dismiss her. Defendant Officer Ellis Smoot arrived and called the jail nurse, Defendant Geneva Westerfield. According to Plaintiff, the wrist "looked broken" and he requested to be transferred to the emergency room or to Central Mississippi Correctional Facility in Rankin County. He was told that there was nobody available who was qualified to transport him.

Defendant Westerfield, the nurse, examined his wrist and determined that it may be broken. She then called a physician at CMCF, Defendant Dr. Rochelle Walker, to report Plaintiff's medical situation. Dr. Walker instructed Nurse Westerfield to "just put ice on it" and elevate the wrist; Dr. Walker instructed that Plaintiff be transported on the following Monday to CMCF for treatment at the clinic. Defendant Lieutenant Ellis Smoot then put Plaintiff in isolation, and he was provided ice and ibuprophen. He was told that he was isolated for safety reasons; other prisoners would not be able to hurt him. He could not sleep in the isolation unit and was unable to shower.

Defendant Warden Johnny Crockett knew what had happened because nurse Westerfield called him. He could have done something to get Plaintiff immediate treatment. Instead, he instructed nurse Westerfield to just put him back in the zone until Monday. Defendant Captain Margie Donald also knew he needed treatment because she had a phone call with nurse Westerfield. She also could have done something but did not.

Defendant Lieutenant Ellis Smoot was the shift supervisor on the night of the incident. He is who informed Plaintiff that nobody could transport him; Defendant Smoot placed him in isolation. Defendant nurse Westerfield told Plaintiff that his wrist looked broken. She could have overridden the directions given by Dr. Walker, but she failed to do so.

Plaintiff was transported to the clinic at CMCF on Monday afternoon, August 21st. Plaintiff contends that he placed in a housing unit, B2, at that time, and that it was two more days until he received medical treatment from a physician. On Tuesday morning, Defendant Captain Sharon Page came by his cell doing inspection. Plaintiff complained to her that he was in pain and requested medical care; she just walked out, ignoring his requests for treatment. Finally, on August 22, 2007, four days after the incident, Plaintiff says he was finally taken to the Central Mississippi Medical Center for treatment. He underwent surgery on August 23, 2007, and his injuries required that a metal plate and screws be inserted.

Plaintiff was fitted with a velcro brace after surgery, prescribed by his orthopedic surgeon Dr. McCarthy, and he wore it for three months with no problems. Then, in

3

December, 2007, Defendant Officer Reid dismantled his brace and took it from him as "contraband" because it was metal.  Officer Reid told him he would put it in the property room, but he did not.  Because he had no brace to wear, his wrist did not heal correctly, and he had to undergo another surgery.

## 2. **DISCOVERY ISSUES and PENDING MOTIONS**

Defendants, Crockett, Donald, Smoot, and Westerfield, filed a "Motion for Qualified Immunity" after the omnibus hearing, and, by Memorandum Opinion and Order of this date, these Defendants were dismissed with prejudice.  At the omnibus hearing, Plaintiff requested to voluntarily dismiss Defendants Officer King and Nurse Pittman.  By Memorandum Opinion and Order entered on this date, Defendants King and Pittman were also dismissed.  Defendants remaining in this case are Captain Sharon Page, Dr. Rochelle Walker, and Officer Kevin Reid.

Plaintiff's medical records were authenticated and received into evidence at the omnibus hearing as Exhibit 1.   Plaintiff received copies of these records at the hearing. There were no other discovery matters to be addressed in this case, as the primary issues in this case involve the medical care provided to Plaintiff.  The best evidence of this care includes Plaintiff's medical records.

## 3. **TRIAL WITNESSES**

Plaintiff submitted a witness list which contained the names of twelve persons, including his wife, several officers, and several prisoners.  Plaintiff was informed that he could choose no more than three inmate witnesses to testify on his behalf, and the Court

would secure their presence at any trial to be conducted in this cause as long as they are incarcerated in the custody of MDOC. Plaintiff chose the following persons:

**JOHNNY EVANS, #116058-KNRCF, Dekalb, MS**

**RICKY DENNIS, KNRCF, Dekalb, MS**

**NATHANIEL KILLOUGH-KNRCF, Dekalb, MS**

Plaintiff also requested that Sgt. Mary McDonald, Sgt. Lionel White, and Officer Orlando Clark, be called to testify on his behalf. If a trial is conducted in this cause, defense counsel shall secure the voluntary presence of these officers at trial.

Plaintiff is advised that he may call any free world witnesses; however, it will be his responsibility to secure these witnesses at the trial of this cause. Or, upon the payment of a $40 witness fee, plus mileage costs, along with the complete address of where the witness may be found, Plaintiff may request the Court to cause a subpoena to be issued for a free world witness. The request should be made at least 14 days prior to trial, and the Court will direct that the United States Marshal's Service serve any such subpoena.

### 4. PRETRIAL CONFERENCE, PRETRIAL ORDER, AND TRIAL SETTING

This conference shall stand in lieu of a pretrial conference, and this Order shall stand in lieu of a pretrial order. Pursuant to the consent of the parties, by Order filed August 21, 2008, District Judge Tom S. Lee assigned this case to the undersigned for all purposes.

IT IS, THEREFORE, ORDERED that all motions, both dispositive and non-dispositive, shall be filed on or before September 21, 2009.

5

SO ORDERED, this the 30th day of July, 2009.


                              /s/ Linda R. Anderson
                      UNITED STATES MAGISTRATE JUDGE