IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**TIMOTHY EDWARD PERRY, #T0478**                                                    **PLAINTIFF**

**VS.**                                       **CIVIL ACTION NO. 4:08cv25-LRA**

**JOHNNY CROCKETT, ET AL**                                                         **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

### I. Procedural Background

Timothy Edward Perry [hereinafter "Plaintiff"], *pro se,* and Michael Jeffrey Wolf, Royce Cole, and Vardaman K. Smith III, counsel for Defendants, appeared before the undersigned United States Magistrate Judge on the 19th day of August, 2008, for an omnibus hearing. The Court scheduled this hearing to function as a scheduling/case management conference, a discovery conference, and as a pretrial conference. The hearing was also conducted in order to more closely screen Plaintiff's factual allegations and determine if they are sufficient to maintain the case under 28 U.S.C. § 1915A. After the hearing, Defendants Johnny Crockett, Margie Donald, Geneva Westerfield, and Ellis Smoot filed a "Motion for Qualified Immunity" [#41]. This motion is now before the Court. Plaintiff filed responses to the motion [#43 & 45], and his sworn testimony is being considered in response to the motion.

Jurisdiction of this case is based upon 42 U.S.C. § 1983, and it was assigned to the undersigned United States Magistrate Judge for all purposes pursuant to the

1

consent of the parties by Order [docket entry number 38] entered by District Judge Tom S. Lee.

## II.  Facts Alleged by the Parties

Plaintiff testified under oath at the omnibus hearing, and explained his complaints against these Defendants as follows.

Plaintiff stated that the main issues in his case are denial of medical care and delay of medical care.  On or about Friday, August 18, 2007, while incarcerated in the Kemper-Neshoba Regional Correctional Facility, Plaintiff was in the zone watching television.  Another inmate, Steven Barnhart, changed the channel without asking the other inmates watching the television, and Plaintiff changed it back.  Barnhart pushed Plaintiff out of his chair, and Plaintiff fell and broke his wrist.  Officer King was not at her post at that time, and he had to be assisted by other inmates.  Officer King is no longer working at the prison, and Plaintiff stated that he would voluntarily dismiss her.  Defendant Officer Ellis Smoot arrived and called the jail nurse, Defendant Geneva Westerfield.  According to Plaintiff, the wrist "looked broken" and he requested to be transferred to the emergency room or to Central Mississippi Correctional Facility in Rankin County.  He was told that there was nobody available who was qualified to transport him.

Defendant Westerfield, the nurse, examined his wrist and determined that it may be broken.  She then called a physician at CMCF, Defendant Dr. Rochelle Walker, to report Plaintiff's medical situation.  Dr. Walker instructed Nurse Westerfield to "just put ice on it" and elevate the wrist; Dr. Walker instructed that Plaintiff be transported on the

following Monday to CMCF for treatment at the clinic. Defendant Lieutenant Ellis Smoot then put him in isolation, and he was provided ice and ibuprophen. He was told that he was isolated for safety reasons; other prisoners would not be able to hurt him. He could not sleep in the isolation unit and was unable to shower.

Defendant Warden Johnny Crockett knew what had happened because nurse Westerfield called him. He could have done something to get Plaintiff immediate treatment. Instead, he instructed nurse Westerfield to just put him back in the zone until Monday. Defendant Captain Margie Donald also knew he needed treatment because she had a phone call with nurse Westerfield. She also could have done something but did not.

Defendant Lieutenant Ellis Smoot was the shift supervisor on the night of the incident. He is who informed Plaintiff that nobody could transport him; Defendant Smoot placed him in isolation. Defendant nurse Westerfield told Plaintiff that his wrist looked broken. She could have overridden the directions given by Dr. Walker, but she failed to do so.

Plaintiff was transferred to the clinic at CMCF on the following Monday afternoon, August 21, 2007, and thereafter received medical care, including x-rays and surgery on his wrist. He was returned to KNRCF on or about November 7, 2007. Plaintiff generally charges that the movant Defendants failed to protect him and failed to supervise inmate Barnhart. However, he concedes that Barnhart, the inmate who assaulted him, had never threatened him, had never been violent, and neither he, or these Defendants, had a reason to fear Barnhart or to foresee that he was dangerous. Plaintiff was placed in

3

the same zone with Barnhart upon his return but he had no further incidents with Barnhart. Plaintiff does not believe that the movant Defendants "reported" the assault as MDOC policy requires.

The movant Defendants, Crockett, Donald, Smoot, and Westerfield, were only involved in the events regarding Plaintiff at the Kemper facility, and his further treatment, and the remaining events about which Plaintiff complains, will not be set forth herein.

Plaintiff's medical records were authenticated and received into evidence at the omnibus hearing as Exhibit 1. These records have been considered by the Court in connection with the "Motion for Qualified Immunity," and all references to Exhibit 1 relate to these medical records. The records confirm Plaintiff's version of events to a large extent.

### III. Summary Judgment Standard

The movants contend that they are entitled to a judgment as a matter of law in this case pursuant to Rule 56 of the Federal Rules of Civil Procedure. They contend that Summary Judgment is appropriate because there is no genuine issue as to any material fact in this case, and that Plaintiff has failed to establish a constitutional violation under the facts as stated. Defendants also contend that they are entitled to qualified immunity from civil liability.

Summary judgment is only appropriate where there is no genuine issue as to any material fact and the Defendants are entitled to a judgment as a matter of law. FED. R. CIV. P. 56( C ). All of the undisputed facts, and any inferences that may be drawn from

4

those facts, "must be viewed in the light most favorable to the non-moving party," who is entitled "to have the credibility of his evidence as forecast assumed, his version of all that is in dispute accepted, [and] all internal conflicts in it resolved favorable to him." Miller v. Leathers, 913 F.2d 1085, 1086 (4th Cir. 1990), quoting Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979). The substantive law establishes those elements on which a plaintiff bears the burden of proof at trial; only facts relevant to those elements of proof are considered for summary judgment purposes. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of **material** fact exists.

## IV.  Analysis of the Applicable Law

The Eighth Amendment prohibition against cruel and unusual punishment forbids deliberate indifference to the serious medical needs of prisoners. Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). The Fifth Circuit Court of Appeals has clearly stated that "[u]nsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006), citing Mendoza v. Lynaugh, 989 F.2d 191, 193 (5th Cir. 1993).

In this case, Plaintiff charges only that these movants *delayed* his medical care by housing him at KNRCF for the weekend. He contends that these Defendants should have overridden the doctor's directions and taken him to an emergency room or to the clinic at CMCF on the evening of the incident. A mere delay in receiving care is not in

and of itself a constitutional violation.  Easter v. Powell, 467 F.3d 459, 463 (5th Cir. 2006).  Further, a mere disagreement with the nature of treatment provided does not establish deliberate indifference.  Id.

A delay in medical care can only constitute an Eighth Amendment violation only if there has been deliberate indifference, which results in substantial harm.  Mendoza, 989 F.2d at 193, citing Wesson v. Oglesby, 910 F.2d 278, 284 (5th Cir. 1990) (delay must constitute "deliberate indifference"); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985) (delay must result in "substantial harm").

Additionally, as the Fifth Circuit has stated, "[d]eliberate indifference encompasses only the unnecessary and wanton infliction of pain repugnant to the conscience of mankind."  McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997).  The standard for finding "deliberate indifference" is a **subjective** inquiry, and the prisoner must show that the jail officials were **actually aware of the risk**, yet consciously disregarded or ignored it.  Farmer v. Brennan, 511 U.S. 825, 837-839 (1994).  Therefore, **actual knowledge and conscious disregard** of the risk of harm to the plaintiff is required before liability can be found.  *Id.*  Furthermore, deliberate indifference cannot be simply inferred from a prison official's mere failure to act reasonably, i.e., from negligence alone.  Lawson v. Dallas County, 286 F.3d 257, 262-63 (2002), citing Hare v. City of Corinth, MS, 74 F.3d 633, 649 (5th Cir. 1996).

To establish deliberate indifference, a prisoner must submit evidence that prison officers refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any

6

serious medical needs. Gobert, 463 F.3d at 346. "Deliberate indifference is an extremely high standard to meet." Id.

The facts in Plaintiff's case, as stated by him, and as augmented by his medical records, simply do not rise to a finding of "deliberate indifference." Plaintiff was immediately treated by nurse Defendant Westerfield. The medical records show that she called CMCF at 8:35 p.m. that Friday night, August 18th, after examining treating Plaintiff herself at 7:50 p.m. Dr. Walker, on call at the CMCF clinic, directed his treatment as follows:

> (1) Transfer to CMCF on 082009 for x-ray of left wrist.
>
> (2) May have IBU 800 mg. 40 PRN pain.
>
> (3) Splint, ice, etc. @ wrist and observe for numbness, tingling, and discoloration of fingers.

Exhibit 1, "Physician's Orders."

Defendant Westerfield also completed a "Medical Incident Examination" at 7:50 p.m. on August 18th. She described Plaintiff's mental condition as "alert and oriented" and noted that he was complaining of pain in the wrist area. As to the noted injuries, Defendant Westerfield wrote "Left wrist swollen & disfigured. Splint, ice pack, elevated, notified Dr. on call. Orders received & BV 800 mg. prn pain." Exhibit 1, "Medical Incident Examination."

It is clear from Plaintiff's testimony and from the medical records that the movant Defendants were only following the direction of Dr. Walker. The fact that they *could have done more*, or had the authority to take Plaintiff to the hospital immediately, does

not support a finding of deliberate indifference.  A prisoner's disagreement with the type *or timing* of medical services provided cannot support a Section 1983 claim.  Mendoza, 989 F.2d at 193.  *See also* Bryan v. Endell, 141 F.3d 1290, 1291  (8th Cir. 1998 (although delay in treating plaintiff's broken hand made surgery impractical and may have been negligent, it did not establish constitutional violation).

Plaintiff's testimony confirms that none of the movant Defendants **intended** to inflict pain of any kind; they were following the instructions of Dr. Walker.  Following the physician's instructions under these circumstances negates any finding of deliberate indifference.   At most, their actions were negligent or careless.  The United States Constitution does not forbid negligence, and Plaintiff's claim is not a cognizable claim under 42 U.S.C. § 1983.  *Negligent medical care does not constitute a valid section 1983 claim.*  Mendoza v. Lynaugh, 989 F.2d at 193.   No constitutional claim has been set forth, accepting Plaintiff's version of the facts and the medical records.

Plaintiff also complains that the movant Defendants did not follow the Mississippi Department of Corrections guidelines and policies regarding such incidents. The failure to follow prison policies does not rise to the level of a constitutional violation, as "a prison official's failure to follow the prison's own policies, procedures, or regulations does not constitute a violation of due process."  Myers v. Kelvenhagen, 97 F.3d 91, 94 (5th Cir. 1996).

Plaintiff complains that these movant Defendants placed him in the same zone as inmate Barnhart upon his return to KNRCF; therefore, they failed to protect him. Plaintiff also conceded that Barnhart never again threatened or assaulted him, and

Barnhart was released from prison. Under these circumstances, no constitutional violation can be shown.

Defendants contend that they are entitled to qualified immunity from suit. "Qualified immunity provides government officials performing discretionary functions with a shield against civil damages liability, so long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." Gobert, 463 F.3d at 345. The immunity protects "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 457 U.S. 335, 341 (1986). To overcome the immunity, a plaintiff must show that there has been a violation of a clearly established federal constitutional or statutory right and whether the official's actions violated that right to the extent that an objectively reasonable person would have known. Id., omitting citation.

As discussed above, Plaintiff's assertions in this case do not establish a constitutional violation under the applicable law. Accordingly, "there is no necessity for further inquiries concerning qualified immunity." Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151, 2156, 150 L.Ed.2d 272 (2001).

## V. Conclusion

The Court does hereby find that Defendants' "Motion for Qualified Immunity" [#41] is well advised and it is HEREBY GRANTED. There are no material facts in dispute as to these Defendants, and a constitutional violation cannot be found under the facts as asserted by Plaintiff. Defendants Crockett, Donald, Westerfield, and Smoot are entitled to a judgment at law.

THEREFORE, it is hereby ordered that Defendants Crockett, Donald, Westerfield, and Smoot's "Motion for Qualified Immunity" [#41] is **granted,** and they are hereby dismissed with prejudice**.** Final Judgment in favor of these Defendants shall be entered on this date.

IT IS FURTHER ORDERED that Plaintiff's *ore tenus* motion to voluntarily dismiss Defendants Officer King and Nurse Pittman is **granted**, and these Defendants are also dismissed with prejudice.

IT IS SO ORDERED, this the 30th day of July, 2009.

S/ Linda R. Anderson<br>
UNITED STATES MAGISTRATE JUDGE